FILED
11/2/17 9:42 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-23558-GLT |
| | : | |
| ROBERT E. GRIFFIN, SR., | : | Related to Dkt. No. 27 |
| | : | |
| Debtor(s). | : | Hearing: December 7, 2017 at 11:00 AM |
| | : | |

**ORDER CONVERTING CASE UNDER CHAPTER 13 TO
CASE UNDER CHAPTER 7, SETTING DEADLINES, SCHEDULING
STATUS CONFERENCE, AND TERMINATING WAGE ATTACHMENT**

The Debtor(s) has filed a motion to convert his chapter 13 case in accordance with *11 U.S.C. §1307(a)* to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

**AND NOW**, based upon the foregoing, it is **ORDERED, ADJUDGED,** and **DECREED** that:

(1) Any party-in-interest that challenges the good faith of the conversion shall, on or before *November 30, 2017*, file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2) The wage attachment(s) issued in this case are immediately ***TERMINATED***. The Debtor(s) shall serve a copy of this order on the employer(s).

(3) *No later than November 16, 2017*, the Debtor(s) shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i)*.

(4) *No later than November 16, 2017*, the Debtor(s) shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A)* and *1007(b)*, if such documents have not already been filed.

(5) *No later than November 30, 2017*, the Debtor(s) shall file a statement of intention with respect to retention or surrender of estate property which secures a debt, as required by *11 U.S.C. §521(a)(2)* and *Bankruptcy Rule 1019(1)(B)*, and conforming to *Official Form 8*.

(6) The chapter 13 trustee shall forthwith turn over to the chapter 7 trustee all records and property of the estate remaining in the chapter 13 trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtor(s).

(7) *Within 60 days* of the date of this *Order*, the chapter 13 trustee shall file an accounting of all receipts and distributions made. The Court retains jurisdiction over the *Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account*. Upon submission of the *UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account*, the chapter 13 trustee is discharged from her duties in this case.

(8) *No later than November 30, 2017*, the Debtor(s) shall, if the case is converted after the confirmation of a plan, file:

   (a) a schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order. *Bankruptcy Rule 1019(5)(C)(i)*;

   (b) a schedule of unpaid debts not listed in the chapter 13 trustee's final report and account. *Bankruptcy Rule 1019(5)(C)(ii)*; and

   (c) a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order. *Bankruptcy Rule 1019(5)(C)(iii)*.

The schedule of claimants under subsection (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the *Bankruptcy Rule 1019 Report*.

It is **FURTHER ORDERED** that if the Debtor(s) fail(s) to file the documents required by this *Order* and *Bankruptcy Rule 1019* by the aforesaid dates, a status conference shall be held on **December 7, 2017 at 11:00 a.m.**, in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219, to determine whether additional relief is necessary to compel compliance with the terms of this *Order*.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per paragraphs 3, 8(b) and 8(c) of this *Order* are filed in time for the Clerk to include post-petition creditors in the § 341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the § 341 notice mailing, *within ten days of the filing of said report and schedules*, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

It is **FURTHER ORDERED** that *within 45 days* of the date of this *Order*, all chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case," and the hearing shall be self-scheduled on Judge Taddonio's chapter 13 motions calendar.

It is **FURTHER ORDERED** that *within five days* hereof, counsel for the Debtor(s) shall *IMMEDIATELY SERVE* a copy of this *Order* on all creditors in the above-captioned case and *shall file a Certificate of Service* with the Clerk of the Bankruptcy Court.

Dated: November 2, 2017

GREGORY L. TADDONIO
UNITED STATES BANKRUTPCY JUDGE

Case administrator to mail to:
Debtor(s)
Debtor(s)' Counsel
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee